IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY MOTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:08cv659-WHA |
| | ) | |
| OPTION ONE MORTGAGE CORP.; | ) | (WO) |
| WELLS FARGO BANK, N.A.; MORRIS, | ) | |
| SCHNEIDER & PRIOR, L.L.C.; and | ) | |
| JOHN RUDD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

This case was reassigned to the undersigned on February 12, 2009, and is now before the court on a Motion to Remand (Doc. # 16), filed by the Plaintiff, Jerry Motley ("Motley"), on September 12, 2008. Motley contends that the Notice of Removal was untimely, and that the *Rooker-Feldman* doctrine precludes removal.

The Plaintiff originally filed this action against the Defendants, Option One Mortgage Corp. ("Option One"), Wells Fargo Bank, N.A. ("Wells Fargo"), Morris, Schneider & Prior, LLC ("Morris Schneider"), and John Rudd ("Rudd"), in the Circuit Court of Autauga County, Alabama on October 4, 2007. Brent Cleveland ("Cleveland") and Countrywide Home Loans, Inc. ("Countrywide") were also defendants in the state court action, but were dismissed prior to removal of the action to this court. Motley's complaint alleges that Option One, Wells Fargo, Morris Schneider, Rudd, Cleveland and Countrywide misapplied loan proceeds intended to pay

off the mortgage on his home, refused to remedy the misapplication, and wrongfully foreclosed on his home.  The state court granted Motley a temporary restraining order, and a preliminary injunction.

On February 6, 2008, the Circuit Court of Autauga County entered a default judgment against all defendants in the case for failure to comply with a discovery order.  On May 7, 2008, the court awarded Motley compensatory damages in the amount of $315,000.00 and punitive damages of $1,000,000.00 from two of the Defendants, Option One and Wells Fargo.  The court awarded Motley an additional $150,000 in compensatory damages, and $300,000.00 in punitive damages against Morris Schneider and John Rudd.  The state court also quieted title to the property in favor of Motley, determined that Motley did not owe anything to the state court defendants, and ordered that Motley's credit report be cleared of entries regarding the wrongful foreclosure.

On June 4, 2008, Motley, Countrywide and Cleveland filed a Joint Stipulation of Dismissal requesting that the state court enter an order dismissing all claims against Countrywide and Brent Cleveland, the only non-diverse defendant, without prejudice.  Two of the Defendants, Morris Schneider, and Rudd, objected to the Joint Stipulation of Dismissal on June 6, 2008.  On July 8, 2008, Motley, Countrywide and Cleveland file a Joint Motion to Dismiss asking that all claims against Countrywide and Cleveland be dismissed with prejudice.  On July 23, 2008, the court granted the Joint Motion to Dismiss.

Option One and Wells Fargo then filed a Notice of Removal on August 14, 2008 (Doc. # 2) on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.  The remaining defendants, Morris Schneider and Rudd, filed a Joinder in Notice of Removal on August 15,

2008 (Doc. # 1). The Motion to Remand has been extensively briefed by both sides.[1] It is undisputed that the parties to this action are now diverse and that the amount in controversy exceeds $75,000. Motley is a citizen of Alabama. Option One and Wells Fargo are foreign corporations with principal places of business in states other than Alabama. Morris Schneider is a Georgia limited liability company, and Rudd is a citizen of the state of Georgia. Cleveland, also a citizen of Alabama, is no longer a party.

For reasons to be discussed, the Motion to Dismiss is due to be DENIED.

## II.  MOTION TO REMAND STANDARD

Removal to federal court is proper for "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III.  DISCUSSION

---

[1] In addition to two other briefs filed by the Defendants in support of their position, the Defendants have filed a Motion for Leave to File Reply to Plaintiff's Reply Brief (Doc. #20). The Defendants attached their proposed Reply to Plaintiff's Reply Brief to the Motion. The Court has reviewed the proposed brief, and considered it in making its determination. Therefore, the Defendants' Motion for Leave to File Rely to Plaintiff's Reply Brief is due to be granted.

Motley offers two arguments in support of his Motion to Remand: the Notice of Removal was untimely and the *Rooker-Feldman* doctrine bars removal of the state court action. The court will discuss Motley's arguments in turn.

**A.  Timeliness of Removal**

The federal removal statute requires removal from a state court to a federal court to be within 30 days after service of summons upon the defendant.  28 U.S.C. § 1446.  The statute provides further, however, that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

Motley contends that the 30-day period for removal began on June 4, 2008, when Motley, Countrywide and Cleveland jointly filed a stipulation of dismissal of Countrywide and Cleveland.  According to Motley, the Joint Stipulation is "other paper" from which it was first ascertainable that the case had become removable, because it gave notice of Motley's intent to dismiss the only non-diverse defendant, Cleveland.  The Defendants counter that the "other paper" which triggered the removal clock was the state court's July 23, 2008 order dismissing the non-diverse party from the action.

The Eleventh Circuit has not directly addressed this timing issue.  The court finds, however, that the plain language of § 1446 provides sufficient guidance on the question.  Section 1446 states that the 30-day removal clock begins to run when it may first be ascertained that the case "is" or "has become" removable.  Where removal is premised on 28 U.S.C. § 1332, an action is not removable until the non-diverse party is no longer a party to the suit.  *See Lincoln*

*Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants . . . .") *See also Univ. Ins. Co. v. Hartford Fire Ins. Co.*, 556 F. Supp. 68, 70 (D.P.R. 2008) (holding that absent compliance with the applicable rule of civil procedure for dismissal by stipulation, or an official court order, the non-diverse defendant cannot be said to be effectively dropped from the suit for removal purposes); *Smith v. Int'l Harvester Co.*, 621 F. Supp 1005, 1008 (D. Nev. 1985) (finding that the receipt of notice of settlement with the non-diverse defendant is not sufficient to make a case removable where the non-diverse defendant has not been officially dismissed from the action).

Alabama Rule Civil Procedure 41, the language of which is nearly identical to its federal counterpart, Fed. R. Civ. P. 41, governs the dismissal of parties and actions in Alabama state court. Rule 41(a)(1) establishes the procedure by which a plaintiff may effect a voluntary dismissal without an order by the court. Rule 41(a)(1) provides the plaintiff with the following two avenues for dismissal without a court order: "(i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Rule 41(a)(2) states that except as provided in 41(a)(1), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms as the court deems proper."

The June 4, 2008 Joint Stipulation of Dismissal was inoperative as an official dismissal, because it was filed after the defendants to the state court action served Motley with answers, and it did not contain the signatures of all of the parties who appeared in the action. Rule 41(a)(2),

5

makes clear that where the plaintiff does not satisfy the requirements of Rule 41(a)(1), the dismissal may only be by court order and that the court has discretion to set the terms of the dismissal. Therefore, the Joint Stipulation did not signal that the case "is" or "has become" removable because it was not sufficient to dismiss the non-diverse party from the suit without an order by the court.

It should also be noted that, after the filing of the Joint Stipulation on June 4, 2008 and prior to the court's July 23, 2008 order, the remaining defendants had the opportunity to file objections to the Joint Stipulation, and two defendants, Rudd and Morris Schneider, filed an objection on June 6, 2008.[2] Further, under Ala. R. Civ. P. 41(a)(2), the state court judge had discretion to set the terms of the dismissal, and the state court was entitled to consider Rudd and Morris Schneider's objections in setting the terms of the dismissal. The court finds it illogical to conclude that the suit was removable on June 4, 2008, where Cleveland was still a party to the suit, the Defendants, because they had not consented to the dismissal, still had the opportunity to object to the dismissal, and the state court had discretion under Rule 41(a)(2) to set the terms of the dismissal.

Therefore, because the stipulation was not signed by all of the defendants in the state court proceeding, it did not have the legal effect of dismissing the non-diverse defendant, and, therefore, did not make the case removable. The court concludes that the 30-day period for removal of this action to federal court began on July 23, 2008, when the state court granted the Motion to Dismiss Countrywide and Cleveland, and officially eliminated the non-diverse party,

---

[2]The Objection to Joint Stipulation of Dismissal pointed out that the Joint Stipulation did not meet the requirements of Ala. R. Civ. P. 41, and argued that Countrywide is a necessary party to the action.

Cleveland, from the action. Accordingly, the Defendants' August 14, 2008 Notice of Removal was timely filed.

**B.  Applicability of the *Rooker-Feldman* doctrine**

The Supreme Court has only applied the *Rooker-Feldman* doctrine to dismiss an action for lack of jurisdiction on two occasions, once in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and more recently in *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).  *See Exxon-Mobil Corp. v. Saudi Basic Industr. Corp*., 544 U.S. 280, 287 (2005).  Since *Rooker* and *Feldman,* the Supreme Court, in *Exxon*, 544 U.S. at 284, 287, has directed lower courts to narrowly construe the doctrine, holding that the *Rooker-Feldman* doctrine is "confined to the cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284.

Motley contends that the default judgment entered against the Defendants in state court is a final judgment and that the Defendants' removal of the case to federal district court at this stage of the proceedings constitutes an improper appeal of the state court judgment to a federal district court, prohibited by the *Rooker-Feldman* doctrine.  The Defendants respond that *Rooker-Feldman* does not preclude the court from hearing cases where a final judgment has been entered by a state court, so long as the state proceedings have not ended at the time the federal action is filed.  The Defendants also assert that *Rooker-Feldman* does not apply in actions removed to federal court because the court's original, not appellate, jurisdiction is implicated in removed actions.  The court finds the Defendants are correct on both points.

The Eleventh Circuit recently took up the question of at what point a state proceeding ends for purposes of *Rooker-Feldman* in *Nicholson v. Shafe*, 558 F.3d 1266 (11th Cir. 2009). The *Nicholson* court recognized the Supreme Court's warnings in *Exxon,* regarding the limited scope of the doctrine, and held that the *Rooker-Feldman* doctrine does not apply to cases where the state court judgment is still pending on appeal at the time when the federal court action is commenced. *Id.* at 1272; *Green v. Jefferson County Com'n*, 563 F.3d 1243, 1249-50 (11th Cir. 2009). Here, at the time the Notice of Removal was filed there were post-judgment motions pending in the state court,[3] making the *Rooker-Feldman* doctrine inapplicable to this case.

Secondly, removal of a case originally filed in state court to federal district court does not constitute an appeal of the state court judgment, because removal is a continuation of the proceedings. *See Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452 (1943) ("The jurisdiction exercised on removal is original not appellate."). Since *Exxon*, two circuit courts, including the Eleventh Circuit, have held in unpublished opinions that the *Rooker-Feldman* doctrine does not apply where a defendant, a "state court loser," invokes the district court's original jurisdiction under the removal statute, and is not appealing the state court judgment. *See Ware v. Fleetboston Fin. Corp.,* 180 Fed. Appx. 59, (11th Cir. 2006); *Jenkins v. MTGLQ Investors*, 218 Fed. Appx. 719, 724 (10th Cir. 2007). Therefore, because there was no final state court judgement, and the Defendants have not commenced a new action in federal court, the *Rooker-Feldman* doctrine does not preclude this court from accepting removal jurisdiction in this case. Accordingly, the

---

[3]At the time when the Notice of Removal was filed, the Defendants had post-judgment motions pending before the state trial court. Motley contends the motions are no longer pending due to operation of Ala. R. Civ. P. 59.1. *See* Plaintiff's Response to Defendant's Supplemental Brief Regarding New Authority, Doc. # 29.

Motion to Remand is due to be denied.

## IV. CONCLUSION

For the reasons discussed, it is ORDERED:

(1) The Defendants' Motion for Leave to File Rely to Plaintiff's Reply Brief (Doc. #20) is GRANTED.

(2) Motley's Motion to Remand (Doc. # 16) is DENIED.


DONE this 5th day of June, 2009.


      /s/ W. Harold Albritton
      W. HAROLD ALBRITTON
      SENIOR UNITED STATES DISTRICT JUDGE