IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY MOTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL ACTION NO. 2:08cv659-WHA |
| | ) |
| OPTION ONE MORTGAGE CORP.; | ) |
| WELLS FARGO BANK, N.A.; MORRIS, | ) |
| SCHNEIDER & PRIOR, L.L.C.; and | ) |
| JOHN RUDD, | )  (WO) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

This case is before the court on Defendant John Rudd's Motion to Alter, Amend or Vacate, Motion for Release from Order, and Motion to Set Aside Default Judgment,[1] and the Plaintiff's Motion for Order Entering State Court Judgments and Closing Case (Doc. # 33).

On October 4, 2007, the Plaintiff, Jerry Motley ("Motley"), filed this case in Circuit Court of Autauga County, Alabama, against Wells Fargo, N.A. ("Wells Fargo"), Option One Mortgage Corp. ("Option One"), Morris, Schneider & Prior, LLC ("MSP"), Rudd, Countrywide Home Loans, Inc. ("Countrywide"), and Brent Cleveland ("Cleveland") alleging wrongful foreclosure.

On February 6, 2008, the state court entered default against Wells Fargo, Option One, MSP, and Rudd as a sanction for failure to comply with an order compelling discovery. On May 7, 2008, the state court held a hearing on damages, and following the hearing, the state court entered judgment against Wells Fargo and Option One for $315,000 in compensatory damages, and $1,000,000 in punitive damages, and against MSP and Rudd for $115,000 in compensatory

---

[1] Rudd's motions are contained in Document # 2, the Notice of Removal.

damages, and $300,000 in punitive damages. The state court also quieted title to the property in favor of Motley, and ordered that Motley's credit report be cleared of entries regarding the wrongful foreclosure.

On June 4, 2008, Motley, Countrywide and Cleveland filed a Joint Stipulation of Dismissal requesting that the state court enter an order dismissing all claims against Countrywide and Brent Cleveland, the only non-diverse defendant, without prejudice. Following the state court's order dismissing Countrywide and Cleveland, the Defendants removed the case to this court, and the court accepted jurisdiction.

Rudd's motions, in addition to similar motions brought by the other Defendants, were pending before the state court at the time of removal. On June 12, 2009, Motley filed his response to the motions,[2] and, on June 9, 2009, Motley moved for entry of the state court judgments. On June 16, 2008, the court heard oral arguments from the parties on all pending motions. Having considered the briefs and oral arguments of the parties, the court finds Motley's Motion for Order Entering State Court Judgments and Closing Case is due to be denied, and Rudd's Motion to Set Aside Default Judgment is due to the granted. Rudd's other motions are due to be denied as moot.

Motley's motion for entry of judgment argues that this court has no authority to set aside the default judgments entered by the state court because the Defendants failed to timely file a motion under Federal Rule Civil Procedure 59(e) asking the court to vacate the state court

---

[2]Motley's response was originally filed in state court on August 15, 2008. Motley argues that the Defendants did not comply with 28 U.S.C. 1446(a) by failing to attach his response to the Notice of Removal. The Notice of Removal, however, was filed on August 14, 2008, one day prior to the filing of Motley's response. This court received Motley's response on June 12, 2009.

judgments. The court, however, finds such a motion unnecessary in this case because at the time of removal, all of the defendants had motions seeking relief from the default judgment pending in state court. By operation of law, those motions remain pending as if they had been filed in federal court, and the court sees no basis for requiring the Defendants to file redundant motions upon removal.[3] *See Murray v. Ford Motor Co.*, 770 F.2d 461, 464 (5th Cir. 1985) (holding that a Motion to Set Aside Default Judgment that was pending in state court prior to removal was a timely motion that could be considered by the district court). Motley's motion, based on the issue of timeliness, therefore, is due to be denied.

Rudd's motions ask the court to set aside the default judgment entered against him by the state court, or in the alternative, to modify that judgment. Federal Rule of Civil Procedure 55(c) provides for the setting aside of a judgment by default in accordance with Rule 60(b). Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or

---

[3]The cases cited by Motley are distinguishable on that basis. In *Jackson v. American Savings Mortgage*, 54 F.3d 688 (11th Cir. 1995) the Eleventh Circuit determined that it would be improper for it to hear an appeal of a grant of summary judgment entered by the state court where the district court had not had an opportunity to rule on a motion to vacate the state court's order, and held that the defendant, prior to seeking an appeal, must first move the district court to modify or vacate the state court order or judgment. The court expressed concern that without the district court having the opportunity to consider the state court order, the fiction that the order was entered by the district court was stretched too far. In *Jackson*, and all of the other cases cited by Motley, there were no post-judgment motions pending in the state trial court at the time of removal for the district court to consider, necessitating that a motion to vacate be filed in the district court upon removal. Here, however, there are pending motions inviting the district court's consideration of the state court judgements, eliminating the need for the Defendants to file Rule 59(e) motions.

extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The parties all agree that at the time the state court entered its sanction for failure to comply with its order compelling discovery, Motley had not directed any requests for discovery to Rudd, but only to the other Defendants. Motley contends that despite the inapplicability of the sanction against Rudd as a party to the suit, Motley was entitled to a default judgment against Rudd based on his status as an attorney for the defendants to which discovery requests were directed. The court, however, can find no evidence that Rudd was serving as counsel for any party in this case. To the court's knowledge, Rudd did not sign any pleadings, enter any appearance as counsel of record, nor take any other action consistent with a role as an attorney in this case. Therefore, since no discovery requests were directed to Rudd, the court finds good cause, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(6), to set aside the default judgment entered against Rudd as a sanction for failure to comply with an order compelling discovery.

Accordingly, it is ORDERED as follows:

(1)     Rudd's Motion to Set Aside Default Judgment is GRANTED.

(2)     Rudd's Motion to Alter, Amend or Vacate, and Motion for Release from Order are DENIED as moot.

(3)     Motley's Motion for Order Entering State Court Judgments and Closing Case (Doc. # 33) is DENIED as to all Defendants.

(4)     The case will proceed against Defendant John Rudd, and for further consideration

      of the outstanding motions of the other Defendants.

DONE this 13th day of July, 2009.

                                  /s/ W. Harold Albritton  
                                W. HAROLD ALBRITTON  
                                SENIOR UNITED STATES DISTRICT JUDGE