IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY MOTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:08cv659-WHA |
| | ) | |
| OPTION ONE MORTGAGE CORP.; | ) | |
| WELLS FARGO BANK, N.A.; MORRIS, | ) | |
| SCHNEIDER & PRIOR, L.L.C.; and | ) | |
| JOHN RUDD, | ) | (WO) |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

**I.  INTRODUCTION**

This case is before the court on Wells Fargo's Motion to Set Aside Default, to Alter,

Amend, or Vacate Judgment, For Remittitur, or for New Trial, Option One's Motion to

Reconsider, and Set Aside Default Judgment, or, in the Alternative, Motion to Vacate the Order

of May 7, 2008, for Remittitur or New Trial, and Morris Schneider & Prior, LLC's ("MSP"),

Motion to Set Aside Default Judgment.[1]

On October 4, 2007, the Plaintiff, Jerry Motley ("Motley"), filed this case in Circuit Court

of Autauga County, Alabama, against Wells Fargo, Option One, MSP, Rudd, Countrywide Home

Loans, Inc. ("Countrywide"), and Brent Cleveland ("Cleveland") alleging wrongful foreclosure.

On February 6, 2008, the state court entered default against Wells Fargo, Option One,

MSP, and Rudd as a sanction for failure to comply with an order compelling discovery.  On May

7, 2008, the state court held a hearing on damages, and following the hearing, the state court

---

[1]All three of these motions are contained in Document # 2, the Notice of Removal.

entered judgment against Wells Fargo, Option One, MSP and Rudd.

On June 4, 2008, Motley, Countrywide and Cleveland filed a Joint Stipulation of Dismissal requesting that the state court enter an order dismissing all claims against Countrywide and Brent Cleveland, the only non-diverse defendant, without prejudice.  Following the state court's order dismissing Countrywide and Cleveland, the Defendants removed the case to this court, and the court accepted jurisdiction.

The Defendants' motions were pending before the state court at the time of removal.  On June 12, 2009, Motley filed his response to the motions.  On June 16, 2009, the court heard oral arguments from the parties on all pending motions, and on July 13, 2009,  this court granted Defendant Rudd's Motion to Set Aside Default Judgment, and denied Motley's Motion for Entry of Judgment.  Having considered the briefs and oral arguments of the parties, the court finds Wells Fargo's, Option One's, and MSP's motions to set aside are due to be granted.  All other alternative motions filed by Wells Fargo, Option One, and MSP are due to be denied as moot.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(c) provides for the setting aside of a judgment by default in accordance with Rule 60(b).  Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

## III.  FACTS

On November 27, 2007, the Plaintiff served requests for production, interrogatories and depositions on Option One, Wells Fargo and MSP.  On December 27, 2007, the Plaintiff sent a letter asking the Defendants to respond within 10 days.  Having not received discovery, the Plaintiff filed a motion to compel on January 8, 2008.  The state court granted the motion and ordered that the Defendants respond within 21 days.

On February 4, 2008, the Plaintiff filed a motion for sanctions based on the Defendants' failure to comply with the state court's discovery order on the motion to compel.  The motion for sanctions was granted on February 6, 2008, and default was entered against Option One, Wells Fargo, MSP and Rudd.

On February 7, 2008, the Defendants filed a Reply to Plaintiff's Motion for Sanctions.[2] Also on February 7, 2008, the Defendants provided discovery responses to the Plaintiff.  The Plaintiff supplemented its motion for sanctions and claimed that the discovery provided on February 7, 2008 was not adequate.

On Motley's motion, the state court held a hearing on damages on May 7, 2008.  The hearing was attended by the Plaintiff, his attorneys, Defendant Rudd, and local attorney Andrew Skier, who has never entered an appearance in the case.  At the opening of the hearing, Skier explained that the Defendants' attorney, Daniel Feinstein, was not able to attend the hearing due to the death of his grandmother.  Skier informed the state court that while he had not been handling the case, he knew enough about it to address the issues before the court, and did not ask

---

[2]The Defendants claim that at the time they submitted the motion, they had not received the state court's order entering default, and that the reply and the state court's order crossed in the mail.

that the hearing be continued.  Hearing Trans. pp. 3-4.  The court heard from two witnesses, Motley and his wife, and the Plaintiff offered eight exhibits into evidence.  The Defendants did not present any witnesses, or exhibits, did not question either of the Plaintiff's witnesses, and did not make any argument to court.

At the close of the hearing, the state court entered judgment against Wells Fargo and Option One for $315,000 in compensatory damages, and $1,000,000 in punitive damages, and against MSP and Rudd for $115,000 in compensatory damages, and $300,000 in punitive damages.  The state court quieted title to the property in favor of Motley, and ordered that Motley's credit report be cleared of all entries regarding the foreclosure.  The state court also ordered that the Defendants run a notice in the local newspaper for three consecutive weeks stating that the foreclosure on Motley's property was wrongful, and that the previous notices regarding the foreclosure were run in error.

On June 3, 2008, MSP filed its Motion to Set Aside Default Judgment.  Wells Fargo and Option One followed with similar motions on June 6, 2008.

The case was removed to this court on August 15, 2008, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.  The Defendants' motions to set aside were pending at the time of removal.

## IV.  DISCUSSION

The state court, at the time of the entry of the default judgments, did not have the benefit of the facts now before this court, largely due to the Defendants' failure to communicate with the state court on this matter until after judgment had been entered against them.  While this court finds the Defendants' behavior inexplicable, the court, having read the Defendants' briefs and,

exhibits, and having heard oral arguments, finds that the circumstances surrounding their failure to comply with the state court's discovery order, as they are now understood, were not deserving of the sanction of default.

In federal practice, "[t]he decision to dismiss a claim or enter default judgment 'ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986)). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

The law controlling Alabama practice is the same. *See Kessler v. Gillis*, 911 So. 2d 1072, 1084 (Ala. Civ. App. 2004) (quoting *Iverson v. Xpert Tune, Inc.*, 553 So. 2d 82, 87 (Ala. 1989)) (discussing the severity of the sanction, and warning that it should be used only where the noncomplying party acted willfully in failing to follow a court order).

The court finds that the Defendants did not act willfully in their failure to comply with the state court's order. The Defendants have provided affidavits of both the managing partner of MSP, the firm representing the Defendants at all times relevant to the failure to comply with the discovery order, and the Defendants' counsel at the time, Feinstein, explaining that the state court's order was never properly cataloged in the firm's system, giving counsel no notice of the order. Wells Fargo and Option One have indicated that they had no knowledge of the discovery requests until Feinstein notified them on February 6, 2008. Both submitted responses to Feinstein within the week.

5

Having determined that the sanction imposed was too severe, the court turns to the issue of whether Rule 60(b) provides an appropriate avenue of relief from the default judgments. Rule 60(b)(6) provides relief for "any other reason justifying relief from the operation of the judgment." The Eleventh Circuit has described this provision as an "umbrella provision" and "a 'grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.'" *Certain Real Property Located at Route 1*, 126 F.3d at 1318 (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). "It is well-established . . . that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Id.*

The court finds that the Defendants have demonstrated such circumstances. The state court did not have the opportunity to take into consideration the Defendants' perspective on the events leading up to the violation of the discovery order, and this court has concluded that the Defendants did not act willfully, making the severe sanction imposed irreconcilable with this circuit's law. Therefore, the court finds good cause, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(6), to set aside the default judgment entered against Wells Fargo, Option One, and MSP as a sanction for failure to comply with an order compelling discovery. *See Cano v. Baker*, 435 F.3d 1337, 1339 (2006) (holding that whether to set aside a default judgment under 60(b)(6) is a matter for the sound discretion of the district court).

The court agrees, however, that the behavior of Wells Fargo, Option One, and MSP, is deserving of sanctions. The court will accept briefs from the parties on appropriate sanctions before entering an order establishing new sanctions.

## V. CONCLUSION

6

Accordingly, it is ORDERED as follows:

(1)     Wells Fargo's Motion to Set Aside Default is GRANTED.  Wells Fargo's
        alternative motions to alter, amend, or vacate the judgment and for remittitur, or
        new trial are DENIED as moot.

(2)     Option One's Motion to Set Aside Default Judgment is GRANTED.  Option
        One's alternative motions contained within the motion styled "Option One's
        Motion to Reconsider, and Set Aside Default Judgment, or, in the Alternative,
        Motion to Vacate the Order of May 7, 2008, for Remittitur or New Trial" are
        DENIED as moot.

(3)     MSP's Motion to Set Aside Default Judgment is GRANTED.

(4)     Motley, Wells Fargo, Option One, and MSP are DIRECTED to file briefs on an
        appropriate sanction **on or before August 7, 2009.**


DONE this 23rd day of July, 2009.

                            /s/ W. Harold Albritton
                            W. HAROLD ALBRITTON
                            SENIOR UNITED STATES DISTRICT JUDGE